# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT COURT OF TENNESSEE
### NASHVILLE DIVISION

**John Smith and Soynia Smith, as survivors and next of kin of Addison Smith, deceased,**

       **Plaintiffs,**

**vs.**

**Corecivic, Inc., Damon T. Hininger, Grady Perry, Eddie Johnson, Jason Whitehead, Ashley Ackerman, Christophe Williams, Logan King, Joshua Ray, Jenny Ratliff, Ledia Alva, William Lyons, J. Scott Long, Mark Sigler, Elaine Bloodgood, Andrea Steadman, Kevin Turner and Marcayus Rose,**

       **Defendants.**

**CASE NO.: 3:20-CV-00563**

**JURY DEMAND**

## ANSWER OF DEFENDANT ASHLEY ACKERMAN TO AMENDED COMPLAINT

NOW COMES the Defendant, Ashley Ackerman (hereinafter referred to as "Defendant"), by and through undersigned counsel, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, and hereby responds to the allegations of the First Amended Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed.

### SECOND DEFENSE

In response to the individually numbered paragraphs of the First Amended Complaint, Defendant states as follows:

1. Defendant admits that Addison Smith was an inmate at the South Central Correctional Center ("SCCC") in Clifton, Tennessee on or about August 23, 2020. Defendant further admits, upon information and belief, that Addison Smith died on or about August 23, 2020. Defendant further admits, upon information and belief, that CoreCivic, Inc. operated SCCC in Clifton, Tennessee on or about August 23, 2020. Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of Plaintiffs' First Amended Complaint and, therefore, denies them.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentences 1-4 and 6-7 of paragraph 2 of Plaintiffs' First Amended Complaint and, therefore, denies them. Defendant denies sentence 5 of paragraph 2 of Plaintiffs' First Amended Complaint.

3. Defendant admits that Plaintiffs assert federal claims under 42 U.S.C. § 1983, and that this Court has jurisdiction over such claims. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of Plaintiff First Amended Complaint and, therefore, denies them.

4. Defendant admits that venue is proper in this Court. Defendant denies the remaining allegations contained in paragraph 4 of Plaintiffs' First Amended Complaint.

5. Defendant admits that Addison Smith was an inmate at SCCC in Clifton, Tennessee. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of Plaintiffs' First Amended Complaint and, therefore, denies them.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' First Amended Complaint and,

therefore, denies them.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' First Amended Complaint and, therefore, denies them.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' First Amended Complaint and, therefore, denies them.

9.      Admitted, upon information and belief.

10.     Admitted, upon information and belief.

11.     Admitted, upon information and belief.

12.     Defendant admits that she was a correctional officer at SCCC and a Sergeant in Addison Smith's unit on or about August 23, 2020.  The remaining allegations contained in paragraph 23 of Plaintiffs' First Amended Complaint are denied.

13.     Admitted, upon information and belief.

14.     Admitted, upon information and belief.

15.     Admitted, upon information and belief.

16.     Admitted, upon information and belief.

17.     Admitted, upon information and belief.

18.     Defendant admits that William Lyons was a mental health counselor at SCCC on or about August 23, 2020.  Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of Plaintiffs' First Amended Complaint and, therefore, denies them.

19.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 19 of Plaintiffs' First Amended Complaint and, therefore, denies them.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiffs' First Amended Complaint and, therefore, denies them.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' First Amended Complaint and, therefore, denies them.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiffs' First Amended Complaint and, therefore, denies them.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiffs' First Amended Complaint and, therefore, denies them.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiffs' First Amended Complaint and, therefore, denies them.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiffs' First Amended Complaint and, therefore, denies them.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiffs' First Amended Complaint and, therefore, denies them.

Case 3:20-cv-00563     Document 41     Filed 12/08/20     Page 4 of 15 PageID #: 298

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiffs' First Amended Complaint and, therefore, denies them.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiffs' First Amended Complaint and, therefore, denies them.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiffs' First Amended Complaint and, therefore, denies them.

30. Defendant admits, upon information and belief, the allegations contained in sentences 1 and 3 of paragraph 30 of Plaintiffs' First Amended Complaint. The remaining allegations contained in paragraph 30 of Plaintiffs' First Amended Complaint are denied.

31. Defendant admits that she was terminated from her employment with CoreCivic. Defendant denies the remaining allegations contained in paragraph 31 of Plaintiffs' First Amended Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiffs' First Amended Complaint and, therefore, denies them.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiffs' First Amended Complaint and, therefore, denies them.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiffs' First Amended Complaint

and, therefore, denies them.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiffs' First Amended Complaint and, therefore, denies them.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiffs' First Amended Complaint and, therefore, denies them.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiffs' First Amended Complaint and, therefore, denies them.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiffs' First Amended Complaint and, therefore, denies them.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiffs' First Amended Complaint and, therefore, denies them.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiffs' First Amended Complaint and, therefore, denies them.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiffs' First Amended Complaint and, therefore, denies them.

42. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 42 of Plaintiffs' First Amended Complaint and, therefore, denies them.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiffs' First Amended Complaint and, therefore, denies them.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiffs' First Amended Complaint and, therefore, denies them.

45. To the extent the allegations contained in paragraph 45 of Plaintiffs' First Amended Complaint are directed to Defendant, they are denied. To the extent the allegations contained in paragraph 45 of Plaintiffs' First Amended Complaint are directed to parties other than Defendant, Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies them.

46. To the extent the allegations contained in paragraph 46 of Plaintiffs' First Amended Complaint are directed to Defendant, they are denied. To the extent the allegations contained in paragraph 46 of Plaintiffs' First Amended Complaint are directed to parties other than Defendant, Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies them.

47. Defendant incorporates herein by reference her responses to all previous paragraphs of Plaintiffs' First Amended Complaint.

48. To the extent the allegations contained in paragraph 48 of Plaintiffs' First Amended Complaint are directed to Defendant, they are denied. To the extent the allegations contained in paragraph 48 of Plaintiffs' First Amended Complaint are directed to parties other

than Defendant, Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies them.

49. Defendant incorporates herein by reference her responses to all previous paragraphs of Plaintiffs' First Amended Complaint.

50. To the extent the allegations contained in paragraph 50 of Plaintiffs' First Amended complaint are directed to Defendant, they are denied. To the extent the allegations contained in paragraph 50 of Plaintiffs' First Amended Complaint are directed to parties other than Defendant, Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies them.

51. Defendant incorporates herein by reference her responses to all previous paragraphs of Plaintiffs' First Amended Complaint.

52. To the extent the allegations contained in paragraph 52 of Plaintiffs' First Amended Complaint are directed to Defendant, they are denied. To the extent the allegations contained in paragraph 52 of Plaintiffs' First Amended Complaint are directed to parties other than Defendant, Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies them.

53. Defendant incorporates herein by reference her responses to all previous paragraphs of Plaintiffs' First Amended Complaint.

54. To the extent the allegations contained in paragraph 54 of Plaintiffs' First Amended Complaint are directed to Defendant, they are denied. To the extent the allegations contained in paragraph 54 of Plaintiffs' First Amended Complaint are directed to parties other than Defendant, Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies them.

55.     The allegations contained in paragraph 55 of Plaintiffs' First Amended Complaint are not directed to Defendant; therefore, no response is required from Defendant.

56.     Defendant incorporates herein by reference her responses to all previous paragraphs of Plaintiffs' First Amended Complaint.

57.     To the extent the allegations contained in paragraph 57 of Plaintiffs' First Amended Complaint are directed to Defendant, they are denied.  To the extent the allegations contained in paragraph 57 of Plaintiffs' First Amended Complaint are directed to parties other than Defendant, Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies them.

58.     The allegations contained in paragraph 58 of Plaintiffs' First Amended Complaint are not directed to Defendant; therefore, no response is required from Defendant.

59.     Defendant incorporates herein by reference her responses to all previous paragraphs of Plaintiffs' First Amended Complaint.

60.     The allegations contained in paragraph 60 of Plaintiffs' First Amended Complaint are not directed to Defendant; therefore, no response is required from Defendant.

61.     Defendant denies all allegations and requests for relief contained in Plaintiffs' "**Request for Relief**," and further denies that Plaintiffs are entitled to any relief whatsoever against her.

62.     Any and all allegations and requests for relief not heretofore admitted are denied.

### THIRD DEFENSE

Defendant denies the material allegations of Plaintiffs' First Amended Complaint and demands strict proof thereof.

## FOURTH DEFENSE

Defendant denies that Plaintiffs are entitled to recover in the manner and form of the prayer of the Plaintiffs' First Amended Complaint or in any other manner or form to recover from Defendant any amounts whatsoever.

## FIFTH DEFENSE

Plaintiffs fail to establish all of the necessary elements of each of their claims for relief, and they, therefore, fail.

## SIXTH DEFENSE

Defendant states that Plaintiffs failed to plead sufficient facts to state a claim for which relief may be granted under 42 U.S.C. § 1983.

## SEVENTH DEFENSE

Defendant asserts all rights, remedies, immunities, and defenses available to her pursuant to 42 U.S.C. § 1983.

## EIGHTH DEFENSE

Defendant pleads all applicable privileges and immunities under both state and federal law, including, but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity.

## NINTH DEFENSE

Defendant asserts all affirmative defenses provided under Rules 8(c) and 12(b) of the *Federal Rules of Civil Procedure*, where applicable.

## TENTH DEFENSE

Any damages (the existence of which is specifically denied) that Plaintiffs sustained are the result of actions or conduct of others for which this Defendant can have no legal liability.

## ELEVENTH DEFENSE

No action or inaction of Defendant deprived Plaintiffs of any interest protected by the Federal Constitution, the Constitution of the State of Tennessee, or any other applicable federal or state statute or law.

## TWELFTH DEFENSE

In the alternative, if the Court finds that Defendant violated any right of Plaintiffs, the right was not clearly established under the circumstances at issue in this case.

## THIRTEENTH DEFENSE

Defendant is entitled to any and all rights, immunities, defenses, and monetary damages limitations available to her pursuant to the Governmental Tort Liability Act, TENN. CODE ANN. § 29-20-201, *et seq.*

## FOURTEENTH DEFENSE

Defendant is entitled to any and all rights, immunities, defenses, and monetary damages limitations available to her pursuant to the Tennessee Civil Justice Act of 2011, TENN. CODE ANN. § 29-39-101, *et seq.*

## FIFTEENTH DEFENSE

Defendant is entitled to any and all rights, immunities, defenses, and monetary damages limitations available to her pursuant to the TENN. CODE ANN. § 29-26-101-101, *et seq.*

## SIXTEENTH DEFENSE

To the extent Plaintiffs seeks punitive damages, any award of punitive damages in excess of the parameters established by *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and

its progeny furthers no legitimate purpose and constitutes an arbitrary deprivation of property in violation of the Due Process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of Tennessee.

## SEVENTEENTH DEFENSE

To the extent Plaintiffs' First Amended Complaint seeks an award of punitive damages; any award of punitive damages against Defendant would violate the constitutional rights of Defendant under the United States Constitution and the Tennessee Constitution in at least the following respects:

a. It would violate federal and state due process unless the Plaintiffs are required to prove every element of their claims for punitive damages beyond a reasonable doubt;

b. Federal and Tennessee laws on punitive damages are unconstitutionally vague, not rationally related to any legitimate governmental interest, and establish no recognizable, or rational standard for submitting punitive damage issues to a jury or for appellate review;

c. It would violate Defendant's right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution and the Tennessee Constitution;

d. It would violate the prohibitions of the United States Constitution and the Tennessee Constitution on *ex post facto* laws;

e. It would violate the right of Defendant to equal protection under the law as

Page **12** of **15**

guaranteed by the United States Constitution and the Tennessee Constitution;

    f.    Being in the nature of a penal and criminal sanction, any award of punitive damages that does not provide Defendant with the procedural and substantive safeguards applicable to criminal proceedings would violate the United States Constitution and the Tennessee Constitution.

## EIGHTEENTH DEFENSE

Plaintiffs' damages, if any exist, are the proximate result of the conduct of Addison Smith and/or one or more of the other named Defendants, and not a result of any acts, omissions, or breaches of Defendant. As such, Defendant pleads the doctrine of comparative fault.

## NINTEENTH DEFENSE

Defendant demands a bifurcated trial on the issue of punitive damages, if any there be.

## TWENTIETH DEFENSE

Defendant reserves the right to amend its Answer and Affirmative Defenses after investigation, discovery, and further information is disclosed to Defendant to enable her to properly answer Plaintiffs' Complaint and defend the claims asserted herein against her.

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC


**/s/ Brian F. Walthart**
BRIAN F. WALTHART; TN 024777
201 4th Avenue North, Suite 1400
Post Office Box 198349 (37219)
Nashville, Tennessee 37219
Phone: (615) 499-7177
Facsimile: (615) 523-1496
Email: brian.walthart@mgclaw.com

ATTORNEY FOR ASHLEY ACKERMAN

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

James I. Pentecost
Nathan D. Tilly
Pentecost Glenn & Mauldin
162 Murray Guard Drive
Suite B
Jackson, Tennessee  38305
Attorneys for Corecivic, Inc.,
Damon T. Hininger, and Grady Perry

Janet H. Goode
917 S. Cooper Street
Memphis, Tennessee  38104
Attorney for John Smith and
Soynia Smith

Ty Clevenger
P O Box 20753
Brooklyn, NY  11202-0753
Attorney for John Smith and
Soynia Smith

This the 8th day of December, 2020.

**/s/ Brian F. Walthart**
BRIAN F. WALTHART