094-241-00

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN SMITH, and SOYNIA SMITH, as survivors and next of kin of ADDISON SMITH, deceased. | ) ) ) ) | |
| Plaintiffs, | ) ) | No.: 3:20-cv-00563 |
| v. | ) ) ) | |
| CORECIVIC, INC., et al. | ) ) | |
| Defendants. | ) | |

---

## ANSWER

---

Defendants CoreCivic, Inc., Jason Whitehead, Christopher Williams, Joshua Ray, Jenny Ratcliff, Ledia Avila, and Angela Steadman (hereinafter referred to as "Defendants") respond to the Plaintiffs' First Amended Complaint (ECF No. 16) as follows:

## GENERAL OBJECTIONS

Defendants object to the Amended Complaint to the extent that it fails to comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE. The lengthy narratives set forth in each paragraph of the Amended Complaint do not constitute "short, plain" statements as required by Rule 8. Additionally, Defendants object to the numerous allegations appearing in the Amended Complaint that amount to nothing more than immaterial, impertinent, baseless, scandalous, and defamatory accusations against Defendants. For example, Plaintiffs' unsupported allegations concerning CoreCivic facilities in Idaho, Oklahoma, Kansas, Mississippi, Georgia, Indiana, and Tennessee, have no relevance to their claims related to Addison Smith's incarceration at South Central

Correctional Facility ("SCCF"). In light of the Court's Order dismissing all § 1983 claims against CoreCivic, such allegations should be stricken pursuant to Rule 12(f) of the FEDERAL RULES OF CIVIL PROCEDURE.

## ADMISSIONS AND DENIALS

Without waiving the aforementioned objections, Defendants respond to the separately numbered paragraphs of the Amended Complaint (ECF No. 16) as follows:

1. Defendants admit that Addison Smith, an inmate at SCCF, committed suicide on or about August 23, 2019. Defendants admit that CoreCivic operates SCCF. Defendants deny the remaining allegations in this paragraph.

2. Based upon information and belief, Defendants admit that Plaintiffs served a subpoena duces tecum on the Tennessee Department of Correction ("TDOC") after filing their Original Complaint and that the TDOC produced records to Plaintiffs pursuant to said subpoena. Defendants object to Plaintiffs' "incorporation" of TDOC documents as improper pursuant to Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE. Defendants deny the remaining allegations appearing in this paragraph.

3. Defendants admit that this Court possesses jurisdiction over Plaintiffs' federal claims. Defendants deny that this Court should exercise jurisdiction over Plaintiffs' state law claims. Defendants further deny that Plaintiffs are entitled to any relief under any theory of law.

4. Defendants admit that venue is proper in this Court. Defendants deny that Plaintiffs are entitled to any relief under any theory of law.

5. Without sufficient information or belief to admit or deny John Smith's relationship to Addison Smith and demand strict proof thereof. Defendants deny that Plaintiffs are entitled to any relief under any theory of law.

6. Without sufficient information or belief to admit or deny Soynia Smith's relationship to Addison Smith and demand strict proof thereof. Defendants deny that Plaintiffs are entitled to any relief under any theory of law.

7. Admitted.

8. Admit that Damon Hininger serves as the chief executive officer of CoreCivic, Inc. Defendants rely upon this Court's order dismissing all claims brought against Mr. Hininger. (ECF No. 68.)

9. Admit that Grady Perry serves as warden at SCCF. Defendants rely upon this Court's order dismissing all claims brought against Mr. Perry. (ECF No. 67 & 68.)

10. Admit that Eddie Johnson was an assistant warden at SCCF at times relevant. Defendants rely upon this Court's order dismissing all claims brought against Mr. Johnson. (ECF No. 67 & 68.)

11. Denied as stated.

12. Denied as stated.

13. Denied as stated.

14. Denied as stated.

15. Denied as stated.

16. Denied as stated.

17. Denied as stated.

18. Denied as stated.

19. Admit that Mr. Long was employed at SCCF at times relevant. Defendants rely upon this Court's order dismissing all claims brought against Mr. Long. (ECF Nos. 67 & 68.)

20. Admit that Dr. Sigler provided medical care at SCCF at times relevant. Defendants rely upon this Court's order dismissing all claims brought against Dr. Sigler. (ECF Nos. 67 & 68.)

21. Defendants admit that Dr. Bloodgood-Grandy provided medical care at SCCF at times relevant. Defendants rely upon this Court's order dismissing all claims brought against Dr. Bloodgood-Grandy. (ECF Nos. 67 & 68.)

22. Denied as stated.

23. Defendants rely upon this Court's order dismissing all claims brought against Dr. Turner. (ECF Nos. 67 & 68.)

24. Admit that Defendant Rose was Addison Smith's cellmate during a portion of the time that Addison Smith was incarcerated at SCCF. Defendants deny the remaining allegations appearing in this paragraph.

25. Admit that CoreCivic operates both Trousdale Turner Correctional Center ("TTCC") and SCCF. Admit that in July 2019, Addison Smith transferred to SCCF. Admit that Addison Smith received medical care during his incarceration at both SCCF and TTCC. Defendants deny the remaining allegations appearing in this paragraph.

26. Admit that Addison Smith claimed that Defendant Rose sexually assaulted him on or about August 21, 2019. Admit that upon hearing Addison Smith's claims, SCCF staff immediately provided Addison Smith access to medical care and medical

evaluations pursuant to applicable PREA policies and procedures. Deny that the alleged assault was substantiated and deny the remaining allegations appearing in this paragraph.

27. Admit that Dr. Sigler saw Addison Smith on or about August 22, 2019. Deny the remaining allegations appearing in this paragraph. Defendants rely upon this Court's order dismissing all claims brought against Dr. Sigler and Mr. Long. (ECF Nos. 67 & 68.)

28. Denied. Further, Defendants rely upon this Court's order dismissing all claims brought against Bloodgood-Grandy. (ECF Nos. 67 & 68.)

29. Denied. Further, Defendants rely upon this Court's order dismissing all claims brought against Mr. Long. (ECF Nos. 67 & 68.)

30. Admit that Defendants Whitehead, Ackerman, Williams, King, Ray, Ratliff, and Avila were on duty at SCCF the day that Addison Smith died. Deny the remaining allegations appearing in this paragraph as they relate to these Defendants.

31. Admit that CoreCivic terminated Defendant Ackerman. Deny the remaining allegations appearing in this paragraph.

32. Denied.

33. Denied.

34. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

35. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

36.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic and all claims against Mr. Hininger. (ECF Nos. 67 & 68.)

37.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

38.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

39.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

40.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

41.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

42.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

43.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

44.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

45.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

46.    Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

47. All prior responses are incorporated herein by reference.

48. Denied.

49. All prior responses are incorporated herein by reference.

50. Denied.

51. All prior responses are incorporated herein by reference.

52. Denied. Further, Defendants rely upon this Court's order dismissing all medical malpractice claims. (ECF Nos. 67 & 68.)

53. All prior responses are incorporated herein by reference.

54. Denied

55. Denied

56. All prior responses are incorporated herein by reference.

57. Denied.

58. Denied.

59. All prior responses are incorporated herein by reference.

60. Denied.

61. Deny that Plaintiffs are entitled to any relief under any theory of law and deny all allegations appearing in the Plaintiffs' Request for Relief.

<u>GENERAL DENIAL</u>

All allegations of the Amended Complaint not admitted, denied, or explained are now expressly denied, and Defendants demand strict proof thereof. Defendants deny that Plaintiffs are entitled to any relief. Plaintiffs have failed to set forth a claim and therefore the Amended Complaint should be dismissed. Defendants assert they are entitled to their reasonable and necessary attorneys' fees and expenses pursuant to 42 U.S.C. § 1988.

<u>AFFIRMATIVE DEFENSES</u>

1. Plaintiffs have failed to state a claim upon which relief can be granted. Therefore, the Amended Complaint should be dismissed.

2. Plaintiffs have asserted claims that are barred by the statute of limitations. To the extent that Plaintiffs seek to hold Defendants liable for actions that occurred beyond one year prior to the filing of the Amended Complaint, said claims are barred and must be dismissed.

3. To the extent Plaintiffs assert claims concerning Defendants' alleged failure to "protect" Addison Smith from rape, such claims must be dismissed because Plaintiffs lack standing. Any claim concerning an alleged failure to protect Addison Smith from rape would not belong to Plaintiffs as next of kin and they, therefore, possess no standing to assert such claims. Accordingly, they should be dismissed.

4. To the extent Plaintiffs assert claims which Addison Smith could have, but failed to assert via SCCF's grievance process, said claims are barred because Addison Smith failed to exhaust his administrative remedies. Thus, such claims should be dismissed.

5. At all times relevant, CoreCivic had policies and procedures in effect to protect the Constitutional rights of all individuals and inmates at SCCF. CoreCivic's policies and procedures were not deliberately indifferent towards Addison Smith's constitutional rights. Accordingly, Plaintiffs' claims fail as a matter of law.

6. Defendants affirmatively plead any and all immunities, whether absolute or qualified, including the Public Duty Doctrine. Immunity has not been waived, therefore, Plaintiffs may not recover from Defendants.

7. At all times relevant, Defendants acted in good faith, without breaching any operational duty and therefore Plaintiffs may not recover from Defendants.

8. Defendants deny that they breached any duty that they may have owed to Addison Smith in a correctional setting.

9. Plaintiffs' claims fail to rise to the level of a constitutional violation and therefore, Plaintiffs fail to state a claim upon which relief can be granted.

10. At all times relevant, Defendants acted in good faith, without any subjective denial of Addison Smith's Constitutional rights and in accordance with the enacted appropriate policies and procedures designed to protect Addison Smith. Moreover, at all times relevant, Defendants acted in an objectively reasonable manner, given the information and circumstances then and there known to Defendants.

11. Defendants affirmatively assert that the alleged conduct of inmate, Marcayus Rose, if proven, was the legal cause and cause in fact of any injury or damages allegedly suffered due to the alleged rape of Addison Smith. Defendants cannot be held liable for any injuries suffered by Addison Smith directly and proximately resulting from the conscious, independent, intervening and superseding acts, omissions, or other fault of inmate Marcayus Rose for whom Defendants have no responsibility, vicariously or otherwise.

12. Defendants rely upon the doctrine of modified comparative fault under the laws of the State of Tennessee as it may apply to the allegations in the Amended Complaint, and as fault may be apportioned to parties other than these Defendants, including Plaintiffs, Addison Smith, and other named defendants. In addition, to the extent that discovery reveals the fault of a non-party to this cause, Defendants specifically reserve the right to amend their Answer to name that non-party and to seek to apportion fault to that non-party consistent with the doctrine of modified comparative fault.

13. Defendants assert that Addison Smith's own decision to commit suicide was not reasonably foreseeable and destroyed the causal connection, if any, between any alleged breach of duty and/or negligence of Defendants and the occurrence in question and thereby became the immediate cause of such occurrence and the injuries sustained by Plaintiffs and Addison Smith.

14. Defendants deny that they were guilty of any negligent act, either of omission or commission that was a direct or proximate cause of any injuries or damages allegedly experienced by Addison Smith.

15. Any injuries, damages or losses that may have been sustained were the proximate result of an independent intervening act and/or superseding cause for which Defendants cannot be held liable.

16. Defendants deny that they intentionally deprived Plaintiffs or Addison Smith of any constitutional rights.

17. Defendants affirmatively state that South Central Correctional Facility was and is accredited and operated pursuant to appropriate policies and procedures concerning the custody and control of inmates, and therefore, the Plaintiffs may not recover from Defendants.

18. To the extent that Plaintiffs have made a claim for punitive damages, Defendants move, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, for a bifurcated trial on the issues of liability and the amount of punitive damages, if any, to which the Plaintiffs may be entitled.

19. Defendants affirmatively reserve the right to amend, at any time throughout this case, any of the foregoing affirmative defenses and/or responses, and/or to assert additional affirmative defenses that may became warranted due to discovery or factual developments.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By:  s/Nathan D. Tilly
James I. Pentecost (#11640)
Nathan D. Tilly (#31318)
Attorneys for Defendants
162 Murray Guard Dr., Ste. B
Jackson, Tennessee 38305
(731) 668-5995- Telephone
(731) 668-7163- Fax
Email:  ntilly@pgmfirm.com

## CERTIFICATE OF SERVICE

This is to certify that this Answer has been served electronically via the Court's ECF system or via U.S. Mail on the following:

Janet H. Goode
917 S. Cooper Street
Memphis, Tennessee 38104

Ty Clevenger
P.O. Box 20753
Brooklyn, New York 11202-0753

Brian F. Walthart
P.O. Box 198349
Nashville, TN 37219

Jay M. Atkins
119 North 9th Street
Oxford, Mississippi 38655

DATE:  This the 1st day of July, 2021.

By:  s/Nathan D. Tilly
Nathan D. Tilly