094-241-00

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN SMITH, and SOYNIA SMITH, as survivors and next of kin of ADDISON SMITH, deceased. | ) ) ) ) | |
| Plaintiffs, | ) ) | No.: 3:20-cv-00563 |
| v. | ) ) ) | |
| CORECIVIC, INC., et al. | ) ) | |
| Defendants. | ) | |

_____

JOINT [PROPOSED] INITIAL CASE MANAGEMENT ORDER
_____

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Court's

Order (ECF No. 5), the Parties submit this Joint Proposed Initial Case Management Order.

**A.      JURISDICTION.**

The Court has jurisdiction of the federal claims pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4). Subject-matter jurisdiction, personal jurisdiction, and venue are not disputed.

**B.      BRIEF THEORIES OF THE PARTIES.**

**(1)      PLAINTIFFS**:

The Plaintiffs allege that the Defendants systematically disregarded the health and safety

of Addison Smith, denying him food and medical care and ignoring his threats of suicide. The

Defendants knew that Addison had a long history of mental health problems, yet they placed him

a cell with another inmate who had been taken out of general population for sexually

propositioning other inmates. Not surprisingly, Addison was sexually assaulted by that inmate.

Four days later, when Addison repeatedly threatened to kill himself, the Defendant guards ignored him, claiming they didn't think he was serious. Addison eventually hanged himself, and the Defendant guards did not discover his body for almost an hour.

**(2)     DEFENDANTS**:

Defendants CoreCivic, Inc., Jason Whitehead, Christopher Williams, Joshua Ray, Jenny Ratcliff, Ledia Avila, Angela Steadman, and Ashley Ackerman deny that they violated Addison Smith's rights or otherwise breached any duty owed to him. At no time did Defendants ignore or disregard any requests for help from Addison Smith. To the contrary, at all times relevant, Defendants acted appropriately and in accordance with correctional standards during Addison Smith's incarceration at South Central Correctional Facility. Accordingly, Defendants assert that they did not violate Plaintiff's constitutional rights, including the rights secured under the Eighth Amendment, and are not guilty of any negligent acts.

**C.     ISSUES RESOLVED.**

Jurisdiction and venue.

**D.     ISSUES STILL IN DISPUTE.**

The issues of liability and damages are in dispute.

**E.     INITIAL DISCLOSURES.**

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 13, 2021**.

**F.     DISCOVERY.**

The parties shall complete all written discovery and depose all fact witnesses on or before **July 7, 2022.** Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions

concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G. MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **December 4, 2021.**

**H. DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **May 2, 2022.** The defendants shall identify and disclose all expert witnesses and reports on or before **July 1, 2022.**

**I. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **August 31, 2022.**

**J. JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before **September 30, 2022.**

**K. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **November 4, 2022.** Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**L. ELECTRONIC DISCOVERY.** The parties have yet to reach an agreement on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174-1 shall apply to this case until such time, if ever, the parties reach an alternate written agreement governing the conduct of electronic discovery.

**M. ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately 4-5 days.

It is so ORDERED.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

/s/ Janet H. Goode
Janet H. Goode
Tennessee BPR No. 035872
917 S. Cooper Street
Memphis, Tennessee 38104
(901) 308-7511
(901) 641-3972 (fax)
janet@janetgoodelaw.com

/s/ Ty Clevenger
Ty Clevenger (admitted pro hac vice)
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

Attorneys for Plaintiffs

PENTECOST, GLENN & MAULDIN, PLLC

/s/Nathan D. Tilly
James I. Pentecost (#11640)
Nathan D. Tilly (#31318)
Attorneys for Defendants CoreCivic, Inc.,
Jason Whitehead, Christopher Williams,
Joshua Ray, Jenny Ratcliff, Ledia Avila, and Angela Steadman
162 Murray Guard Dr., Ste. B
Jackson, Tennessee 38305
(731) 668-5995- Telephone
(731) 668-7163- Fax
Email: ntilly@pgmfirm.com

/s/Jay Atkins
Jay Atkins
jay.atkins@mgclaw.com
Attorney for Defendant Ashley Ackerman
MGC Law Insurance Defense
119 North 9th Street Oxford, MS 38655
662-281-7828
662-259-8460 (fax)