# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN SMITH, and SOYNIA SMITH, as survivors and next of kin of ADDISON SMITH, deceased. | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No.: 3:20-cv-00563 |
| v. | ) ) ) | |
| CORECIVIC, INC., et al. | ) ) | |
| Defendants. | ) | |

---

## AGREED ORDER FOR THE RELEASE AND PROTECTION OF MEDICAL RECORDS

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure; 45 C.F.R. §§ 160 and 164 of the Health Insurance Portability and Accountability Act ("HIPAA"), which specifically states that, "A covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (I) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order"; 38 U.S.C. § 7332(b)(2)(D); Tenn. Code Ann. §§ 33-3-104 and 105; and that it has been determined that disclosure is necessary for the conduct of proceedings before this Court and that failure to make the disclosure would be detrimental to a party to these proceedings; and for other good cause shown,

It is hereby ORDERED, ADJUDGED AND DECREED that the law firm of **Pentecost & Glenn, PLLC**, and the law firm of **McAngus, Goudelock, & Courie** shall be allowed by written

request only to inspect and obtain certified copies of all employment records, income tax returns, medical records, medical reports, medical charts, x-ray films, tissue slides or other laboratory specimens, diagnostic studies, pharmacy/prescription records, mental health records (including records created by any and all psychiatrists, psychologists, social workers and any other mental health professional of any kind or nature), other documents or writings, including but not limited to, protected health information, as that term is defined in 45 C.F.R. Part 160 and Part 164 (HIPAA Privacy Rule) and/or Tenn. Code Ann. § 33-3-103 (collectively, the "Medical Information"), related to the care and treatment of **Addison Smith**. This includes medical records as they pertain to drug and alcohol and HIV/AIDS treatment.

Defendants shall notify Plaintiffs' attorneys of all requests for records contemporaneously with such request being made, pay all costs of obtaining copies of aforesaid documents and will provide copies of said employment records and Medical Information obtained pursuant to this Order to Plaintiffs' attorneys at no charge and within ten (10) days of receipt of any information obtained.

The information obtained through use of this Order may only be used or disclosed for the purposes of this litigation or proceeding. Except with the prior written consent of the Plaintiffs, the information produced pursuant to this Order shall not be disclosed to any person other than (a) counsel for the parties, (b) employees or agents of counsel for the parties, (c) plaintiffs and any current manager or claims representative of defendants, to the extent deemed necessary by counsel for the prosecution or defense of this litigation (Defendants shall seek leave of court if it needs someone other than a current manager or claims representative of Defendants to review the records), (d) experts and consultants retained for the prosecution or defense of this litigation, (e)

any authors or recipients (in the ordinary course of the health care provider's business) of the Medical Information, or (f) the Court, court personnel, court reporters, and witnesses at trial.

The portion of this Order permitting release of records shall expire upon final disposition of this case, and the law firm of **Pentecost & Glenn, PLLC**, and/or the law firm of **McAngus, Goudelock, & Courie** shall be prohibited from using the Order thereafter. All information obtained pursuant to this Order and all copies thereof will be destroyed or safely archived within a reasonable time period after the conclusion of this litigation or proceeding, whether by trial, appeal, settlement, or other final conclusion.

This Order shall be binding on the parties to this litigation, their attorneys, and the employees, consultants and other persons employed or retained by the parties or their attorneys.

IT IS SO ORDERED.

ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

/s/Janet H. Goode (with permission)
Janet H. Goode
Tennessee BPR No. 035872
917 S. Cooper Street
Memphis, Tennessee 38104
(901) 308-7511
(901) 641-3972 (fax)
janet@janetgoodelaw.com

/s/Ty Clevenger (with permission)
Ty Clevenger (admitted pro hac vice)
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

Attorneys for Plaintiffs

PENTECOST & GLENN, PLLC

s/Nathan D. Tilly
James I. Pentecost (#11640)
Nathan D. Tilly (#31318)
Attorneys for Defendants CoreCivic, Inc.,
Jason Whitehead, Christopher Williams,
Joshua Ray, Jenny Ratcliff, Ledia Avila, and Angela Steadman
162 Murray Guard Dr., Ste. B
Jackson, Tennessee 38305
(731) 668-5995- Telephone
(731) 668-7163- Fax
Email: ntilly@pgmfirm.com

/s/Jay Atkins (with permission)
Jay Atkins
jay.atkins@mgclaw.com
Attorney for Defendant Ashley Ackerman
MGC Law Insurance Defense

119 North 9th Street Oxford, MS 38655
662-281-7828
662-259-8460 (fax)