| | | |
|---|---|---|
| JOHN SMITH, and SOYNIA SMITH, as survivors and next of kin of ADDISON SMITH, deceased. | ) ) ) ) | |
| Plaintiffs, | ) ) | No.: 3:20-cv-00563 |
| v. | ) ) ) | |
| CORECIVIC, INC., et al. | ) ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

The parties have jointly moved the Court for a protective order. This Court finds the parties' motion well-taken and it is hereby, GRANTED. Accordingly, the Court enters the following protective order:

For the purposes of this Protective Order, the following definitions shall govern:

1.      (a) "Party" shall mean a named party and its employees and agents, and "Parties" shall mean the named parties and their employees and agents, in the litigation.

(b) "Confidential Information" shall mean information that is not generally known to and not readily obtainable by proper means by the general public and, if disclosed, may adversely affect: (i) the producing party's business operations because it contains proprietary information of the party; and/or (ii) interests in individual privacy, including medical information, protected health information ("PHI"), personal or financial information such as home addresses, financial material not otherwise discoverable, and personal contact information, including current address, telephone number(s), and email

1

address(es) of any party, any party's officials, agents, or employees, and any current or former Tennessee Department of Correction inmate. "Confidential Information" shall also include those documents or images that will lead to disclosure of operational aspects of the prison system that are otherwise unknown to inmates or the general public and the dissemination of which could pose a safety and security risk.

2.      Any documents, deposition testimony, and things that the Parties believe in good faith to contain Confidential Information may be marked "CONFIDENTIAL." Any item not marked "CONFIDENTIAL" need not be treated as Confidential Information under this Order unless the provisions of Paragraph 8 are invoked.

3.      Information deemed "CONFIDENTIAL" shall be used only for the purpose of this lawsuit. Any person receiving the above-described information shall keep the information separate and inaccessible and shall not reveal such material to, or discuss it with, any person not entitled to disclosure under this order.

4.      Except as otherwise directed by the Court, the documents and things the Parties mark "CONFIDENTIAL," and the information contained therein, shall be kept confidential, and except as noted in this Order, shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

(a) Counsel and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees;

(b) The clients of the receiving party in this litigation having a bona fide need to know or further order of the Court; but, this exception to allow disclosure to "clients" does not mean that the clients of the Parties' counsel shall be allowed to receive or be provided any

personal information (such as home addresses, personal telephone numbers, personal email addresses, etc.) of the individual defendants, employees of any correctional facility;

(c) Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by Counsel for the sole purpose of assisting Counsel in the litigation;

(d) The Court and court employees, court reporters, stenographers, and videographers;

(e) The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated;

(f) Witnesses at deposition or trial; and

(g) Such other persons as hereafter may be designated by written agreement of the Parties.

5. If counsel for any party believes it necessary in preparation of the case to reveal Confidential Information to persons who are not otherwise entitled to see such information in accordance with this Protective Order, then counsel who wishes to disclose such Confidential Information shall first seek the prior consent of counsel for the producing Party. If such consent is granted, then counsel wishing to use such information shall ensure that those individuals to whom Confidential Information is disclosed are first made aware of the provisions of this Protective Order and agree to be bound by its terms.

6. Information deemed "CONFIDENTIAL" may be used in connection with depositions, interrogatories, requests for production, requests for admissions, motions, or any other pretrial matters without prior notice. However, if any of the above-described information or video footage is submitted to the Clerk or the Court, it shall be filed under seal and will remain subject to this order. Any transcript, notes, or other recording of deposition testimony containing information

3

derived from any information, document, image, or video footage that has been deemed "CONFIDENTIAL" shall be treated as confidential materials subject to this protective order and must likewise, if filed with the Court, be filed under seal.

7. Those documents, deposition transcripts or other information identified by the Parties as "CONFIDENTIAL" and all copies thereof, shall be retained at the offices of counsel for the receiving party, and at the termination of this action, shall remain CONFIDENTIAL unless otherwise ordered by the Court.

8. If through inadvertence, error, or oversight, a Party fails to properly designate a document, tangible thing, deposition testimony or information as "CONFIDENTIAL" at the time of production or disclosure, it shall promptly notify the receiving party of such error or oversight as soon as the error or oversight is discovered. The Party shall specify in that notice the particular document(s), tangible thing(s) or information to be reclassified "CONFIDENTIAL." Thereafter, the Parties shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally and any persons who received such Confidential Information prior to that time shall be notified thereof.

9. By making information and documents designated as "CONFIDENTIAL" available for use in this action, no Party has waived or compromised the confidentiality, protectability, trade secret status, or privilege of the information or documents.

10. If a party contends that information has been improperly or unreasonably designated "CONFIDENTIAL" by another party, the objecting party shall attempt to resolve the dispute with the producing party promptly and in good faith. If the parties cannot resolve the disagreement on their own, the receiving party may then make a motion with the Court seeking the redesignation of such documents. The Court shall decide whether the information should be deemed

"CONFIDENTIAL." Until such time as the Court describes otherwise, the disputed information shall be treated as "CONFIDENTIAL."

11. Subject to the requirements of and admissibility pursuant to the FEDERAL RULES OF EVIDENCE, the confidential information subject to this protective order may be offered in evidence at trial or any hearing in open court, provided that the proponent of the evidence gives notice to opposing counsel. Opposing counsel may move the Court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this Order to have access to it.

12. The disclosure of the herein described Confidential Information, including any video footage, is not a stipulation as to the admissibility of the information at trial.

13. This Protective Order may be modified or amended by further stipulation between the Parties and/or order of the Court for good caused shown.

JUDGE