Motion GRANTED.
All deadlines extended 90 days.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN SMITH, and SOYNIA SMITH, as )
survivors and next of kin of ADDISON )
SMITH, deceased. )
                           )
    Plaintiffs, )
                           )     No.: 3:20-cv-00563
                           )
v. )
                           )
CORECIVIC, INC., et al. )
                           )
    Defendants. )

## JOINT MOTION TO AMEND THE INITIAL CASE MANAGEMENT ORDER

Plaintiffs, John Smith and Soynia Smith, as survivors and next of kin of Addison Smith, and Defendants, CoreCivic, Inc., Jason Whitehead, Christopher Williams, Joshua Ray, Jenny Ratcliff, Ledia Avila, Angela Steadman, and Ashley Ackerman jointly file this Motion to Amend the Court's Initial Case Management Order (ECF No. 81) by continuing each of the remaining deadlines by ninety (90) days. As grounds for this motion, the Parties show the Court as follows:

1. On August 19, 2020, Plaintiffs filed their Amended Complaint. (ECF No. 16). In response, Defendants filed their respective motions to dismiss, which the Court granted in part and denied in part. (ECF Nos. 67-68, 70).

2. Later, this Court set the initial case management conference for August 30, 2021. (ECF No. 73). After the conference, this Court entered the Initial Case Management Order on August 30, 2021. (ECF No. 81). That same date, the Court set trial this case for trial on March 21, 2023. (ECF No. 82).

3. Since the case management order was entered, the parties have diligently litigated the case and have engaged in extensive written discovery.

4. Concerning written discovery, Defendants CoreCivic, Inc., Jason Whitehead, Christopher Williams, Joshua Ray, Jenny Ratcliff, Ledia Avila, Angela Steadman propounded Interrogatories and Requests for Production on Plaintiffs. As part of Defendants' written discovery requests, Defendants requested extensive information on Addison Smith's educational, employment, medical, and criminal history. Such information could be directly relevant to various issues in the case.

5. Due to Plaintiffs' lack of knowledge on the Decedent's personal history, Defendants have been required to make numerous requests for records, including requests from potential medical providers, pharmacies, employers, the Internal Revenue Service, and educational institutions in order to discover basic information about Decedent's background.

6. While Defendants have obtained some of the records they requested in their endeavors, Defendants' efforts have been complicated because no estate has been opened for Decedent. As a result, many agencies and past medical providers and employers have been hesitant and/or have refused to produce information, preventing Defendants from obtaining information on Decedent's background. Recently, this Court entered an Agreed Order for the Release and Protection of Medical Records which shall assist Defendants in their endeavors. (ECF No. 85). Of course, depending upon what information Defendants learn from the records obtained, there could be further records requests they will wish to make in their efforts to discover information about the Decedent's background.

7. Furthermore, Plaintiffs' written discovery requests to CoreCivic are extensive and request information that necessarily entails electronically stored information ("ESI") searches as well as the production of thousands of documents from CoreCivic. Counsel for Plaintiffs and counsel for CoreCivic have conferred concerning the scope of the discovery requests and Defendant CoreCivic's forthcoming discovery responses in an effort to further progress written discovery and the case. In light of the expansive nature of such requests and the need for ESI, the parties need further time to complete written discovery.

8. Once written discovery is completed, the Parties anticipate numerous fact witness depositions will need to be completed based on the number of parties involved in this matter. The parties anticipate conducting a total of at least ten (10) fact witness depositions. The number of remaining fact witness depositions could be higher depending on the information the Parties glean from the records they have requested as well as from future depositions.

9. Under the current Initial Case Management Order, the Court set the following deadlines:

    (1) Discovery: July 7, 2022;

    (2) Plaintiffs' Expert Disclosure: May 2, 2022;

    (3) Defendants' Expert Disclosure: July 1, 2022;

    (4) Expert Witness Depositions: August 31, 2022;

    (5) Joint Mediation Report: July 15, 2022; and

    (6) Dispositive Motions: November 4, 2022.

(ECF No. 81). Meanwhile, trial is not set until March 21, 2023. (ECF No. 82).

10. An extension of the discovery deadline and other remaining deadlines will not force a continuance of the trial set in this matter.

11. No party will be prejudiced by the relief requested herein.

Premises considered, the Parties jointly request that the Court amend the Initial Case Management Order in this matter and continue each of the remaining deadlines by approximately ninety (90) days.

Respectfully submitted,

PENTECOST & GLENN, PLLC

By:    s/Nathan D. Tilly
        James I. Pentecost (#11640)
        Nathan D. Tilly (#31318)
        Attorneys for Defendants CoreCivic, Inc.,
        Jason Whitehead, Christopher Williams,
        Joshua Ray, Jenny Ratcliff, Ledia Avila,
        and Angela Steadman
        162 Murray Guard Dr., Ste. B
        Jackson, Tennessee 38305
        (731) 668-5995- Telephone
        (731) 668-7163- Fax
        Email:  ntilly@pgmfirm.com

MCANGUS GOUDELOCK & COURIE, LLC

By:    s/Brian Walthart (w/permission)
        Jay M. Atkins, MS 100513; TN 21371
        Brian F. Walthart, 024777
        Attorneys for Ashley Ackerman
        119 North 9th Street
        Oxford, Mississippi 38655
        Phone: (662) 281-7828
        Facsimilie: (662) 259-8460
        Email: jay.atkins@mgclaw.com

By:     s/Ty Clevenger (w/permission)
        Ty Clevenger (admitted *pro hac vice*)
        Texas Bar No. 24034380
        Attorney for Plaintiffs
        P.O. Box 20753
        Brooklyn, New York 11202-0753
        (979) 985-5289
        (979) 530-9523 (fax)
        tyclevenger@yahoo.com


        Janet Goode
        Tennessee BPR No. 035872
        Attorney for Plaintiffs
        917 S. Cooper Street
        Memphis, Tennessee 38104
        (901) 308-7511
        (901) 641-3972 (fax)
        janet@janetgoodelaw.com


## CERTIFICATE OF SERVICE

This is to certify that this pleading has been served electronically via the Court's ECF system or via U.S. Mail on the following:

Janet H. Goode
917 S. Cooper Street
Memphis, Tennessee 38104

Ty Clevenger
P.O. Box 20753
Brooklyn, New York 11202-0753

Brian F. Walthart
P.O. Box 198349
Nashville, TN 37219

Jay M. Atkins
119 North 9th Street
Oxford, Mississippi 38655

DATE:  This the 25th day of March, 2022.

By:     s/Nathan D. Tilly
        Nathan D. Tilly