Motion DENIED AS MOOT.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

**JOHN SMITH and SOYNIA SMITH**,
as survivors and next of kin of **ADDISON SMITH**, deceased,

      Plaintiffs,

vs.

**CORECIVIC, INC, et al.**

      Defendants

**Case No. 3:20-cv-00563**

## PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND MOTION TO AMEND COMPLAINT

NOW COME Plaintiffs John Smith and Soynia Smith, moving the Court to amend the scheduling order and permit them to amend their complaint based on newly-discovered evidence:

### Legal Standard

When a plaintiff wishes to amend his or her complaint, and the deadline for amendments has passed, then he or she most move to amend both the complaint and the scheduling order. *See Porter v. AAR Aircraft Services, Inc.*, 316 F.R.D. 691, 692–93 (W.D. Tenn. 2016). The court first considers whether the motion to amend the scheduling order demonstrates "good cause" per Fed. R. Civ. P. 16, then it determines whether to grant permission to amend under the more permissive standard of Fed. R. Civ. P. 15. *Porter*, 216 F.R.D. at 692-693. As set forth below, the Plaintiffs seek to amend their complaint – and,

1