# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JOHN SMITH and SOYNIA SMITH,  )
as survivors and next of kin of  )
ADDISON SMITH, deceased,  )
                    )
      Plaintiffs,  )      **Case No. 3:20-cv-00563**
                    )      **Judge Aleta A. Trauger**
v.  )
                    )
CORECIVIC, INC. et al.,  )
                    )
      Defendants.  )

## ORDER

The plaintiffs' "Request for Clarification" (Doc. No. 135), which the court construes as a motion requesting clarification of its December 12, 2022 Order ("December 12 Order") (Doc. No. 132), is **GRANTED**, as follows.

The plaintiffs request clarification on the question of whether they can pursue negligence and gross negligence claims against defendants Damon T. Hininger and Grady Perry in light of the December 12 Order. These defendants do not oppose the motion, but they also do not believe that such claims against Hininger or Perry should be permitted to proceed. (Doc. No. 135, at 1.)

The court did not construe the plaintiffs' Motion to Amend (Doc. No. 102) and Supplemental Motion (Doc. No. 125) or the proposed revised Second Amended Complaint ("second SAC") (Doc. No. 125-1) as seeking to reinstate negligence and gross negligence claims against Hininger or Perry. Regarding Hininger, as best the court can tell, the plaintiffs' motions mention him only insofar as they seek to remove his name from paragraph 58(a) of the first SAC. (*See* Doc. No. 125, at 2; *compare* Doc. No. 102-1 ¶ 58(a) *with* Doc. No. 125-1 ¶ 58(a).) And,

although Hininger is referenced in the second SAC at paragraph 58(b) ("Defendant Hininger failed to supervise the staff at SCCC and ensure that they adopted adequate procedures pursuant to TDOC policies"), this assertion appears under "Count 1: Civil Rights Violations" and is not accompanied by any actual new *facts* pertaining to Hininger. The December 12 Order expressly states that the plaintiffs' motions are denied insofar as they seek to reinstate any claims under 42 U.S.C. § 1983 claim against Hininger. (Doc. No. 132, at 2.)

The only other place Hininger's name actually appears in the body of the second SAC is in paragraph 54—the paragraph that incorporates by reference the Complaint filed in *Newby v. CoreCivic of Tennessee, LLC*, Case No. 3:22-cv-00093 (M.D. Tenn. Feb. 11, 2022). Hininger's name appears in the context of sentences that cross-reference a number of paragraphs of the *Newby* Complaint that, according to the plaintiffs, "set forth how Defendant Hininger was fully aware of Defendant CoreCivic's practice of putting profits ahead of inmate safety" and its "policy of deliberate [in]difference toward inmates' medical needs." (Doc. No. 125-1 ¶ 54.) The December 12 Order expressly denies the plaintiffs leave to incorporate by reference, in the body of their pleading or by attaching the document thereto, the complaint filed in *Newby*. (Doc. No. 132, at 2.) This prohibition effectively eliminates Paragraph 54.

Likewise, the court construed the plaintiffs' Motion to Amend and Supplemental Motion as seeking to reassert a claim against Perry under 42 U.S.C. § 1983 based on his failure (along with that of defendants Bloodgood-Grandy, Lyons, and Turner) "to develop adequate procedures for dealing with inmates at risk for suicide, including procedures for (1) notifying guard staff that an inmate is suicidal and (2) procedures for placing suicidal inmates in the proper housing unit." (*See* Doc. No. 131, at 24 (quoting Doc. No. 125-1 ¶¶ 58(a), 58(b)).) The December 12 Order expressly denies the plaintiffs leave to amend their pleading to reinstate § 1983 claims against

Perry based on these allegations. Nothing in the second SAC suggests that the plaintiffs also sought to bring negligence and gross negligence claims against Perry based on the same allegations.

The defendants and the court construed the second SAC as reasserting common-law negligence claims against the medical-practitioner defendants Sigler, Long, Bloodgood-Grandy, Turner, and Steadman. (*See* Doc. No. 131, at 27; Doc. No. 113, at 22.) Based on the fact that the THCLA no longer applies to medical malpractice claims filed in federal court, the court also found that it no longer created a barrier to ordinary negligence claims as well. (Doc. No. 131, at 27.) This finding very clearly pertained only to the medical-practitioner defendants referenced above. (*See id.* ("Accordingly, the defendants have not shown that amendment of the SAC to incorporate additional allegations in support of the common-law negligence claims against defendants Steadman, Long, Sigler, Bloodgood-Grandy, or Turner would be futile.").)

Finally, although the second SAC continues to reference "all of the Defendants" under Counts 4 and 5, for Gross Negligence and Negligence, the court presumed that this reference was a relic from the FAC, maintained perhaps in order to avoid waiver of the plaintiffs' ability to appeal the dismissal of these claims. To reiterate: the court did not, and does not now, construe the plaintiff's motions as seeking to reinstate these claims against Hininger or Perry. More to the point, the second SAC—particularly as it pertains to Hininger—does not contain any new facts that would justify the reinstatement of such claims. And, even with respect to Perry, the only new facts alleged in the second SAC pertain to the plaintiffs' attempt to assert a new theory to support liability under § 1983 against him.

In short, the court clarifies the December 12 Order by confirming that it did not construe the plaintiffs' wave of motions as effectively seeking the reinstatement of the gross negligence and

negligence claims against Hininger or Perry. Those claims have not been reinstated, and the plaintiffs have not been granted leave to pursue such claims.

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge