| | |
|---|---|
| **John Smith and Soynia Smith, as survivors and next of kin of Addison Smith, deceased,** | |
| **Plaintiffs,** | **CASE NO.: 3:20-CV-00563** |
| **vs.** | **JURY DEMAND** |
| **Corecivic, Inc., Damon T. Hininger, Grady Perry, Eddie Johnson, Jason Whitehead, Ashley Ackerman, Christophe Williams, Logan King, Joshua Ray, Jenny Ratliff, Ledia Alva, William Lyons, J. Scott Long, Mark Sigler, Elaine Bloodgood, Andrea Steadman, Kevin Turner and Marcayus Rose,** | |
| **Defendants.** | |

## CASE MANAGEMENT ORDER

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order (ECF No. 5), the Parties submit this Joint Proposed Case Management Order.

**A.      JURISDICTION.**

The Court has jurisdiction of the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). Subject-matter jurisdiction, personal jurisdiction, and venue are not disputed.

**B.      BRIEF THEORIES OF THE PARTIES.**

**(1)      PLAINTIFFS**:

The Plaintiffs allege that the Defendants systematically disregarded the health and safety of Addison Smith, denying him food and medical care and ignoring his threats of suicide. The

Defendants knew that Addison had a long history of mental health problems, yet they placed him a cell with another inmate who had been taken out of general population for sexually propositioning other inmates. Not surprisingly, Addison was sexually assaulted by that inmate. Four days later, when Addison repeatedly threatened to kill himself, the Defendant guards ignored him, claiming they didn't think he was serious. Addison eventually hanged himself, and the Defendant guards did not discover his body for almost an hour.

**(2)     DEFENDANTS**:

Defendants CoreCivic, Inc., Jason Whitehead, Christopher Williams, Joshua Ray, Jenny Ratcliff, Ledia Avila, J. Scott Long, Mark Sigler, Elena Bloodgood-Grandy, Andrea Steadman, Kevin Turner, and Ashley Ackerman deny that they violated Addison Smith's rights or otherwise breached any duty owed to him. At no time did Defendants ignore or disregard any requests for help from Addison Smith. To the contrary, at all times relevant, Defendants acted appropriately and in accordance with correctional standards during Addison Smith's incarceration at South Central Correctional Facility. Accordingly, Defendants assert that they did not violate Plaintiff's constitutional rights, including the rights secured under the Eighth Amendment, and are not guilty of any negligent acts.

**C.     ISSUES RESOLVED.**

Jurisdiction and venue. Motions to dismiss.

**D.     ISSUES STILL IN DISPUTE.**

The issues of liability and damages are in dispute.

**E.     INITIAL DISCLOSURES.**

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 6, 2021**.

**F.   DISCOVERY.**

The parties shall complete all written discovery and depose all fact witnesses on or before **December 6, 2023.** Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G. MOTIONS TO AMEND:** Not applicable**.**

**H. DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **August 3, 2023.** The defendants shall identify and disclose all expert witnesses and reports on or before **September 4, 2023.**

**I. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **December 6, 2023.**

**J. JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before **January 5, 2024.**

**K. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **February 9, 2024.**  Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**L. ELECTRONIC DISCOVERY.** The parties have followed the default standard contained in Administrative Order No. 174-1 and see no need to amend those standards for purposes of this case.

**M. ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately 4-5 days.

It is so ORDERED.

ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

/s/ Janet H. Goode
Janet H. Goode
Tennessee BPR No. 035872
917 S. Cooper Street
Memphis, Tennessee 38104
(901) 308-7511
(901) 641-3972 (fax)
janet@janetgoodelaw.com

/s/ Ty Clevenger
Ty Clevenger (admitted pro hac vice)
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

Attorneys for Plaintiffs

PENTECOST, GLENN & MAULDIN, PLLC

/s/Nathan D. Tilly
James I. Pentecost (#11640)
Nathan D. Tilly (#31318)
Attorneys for Defendants CoreCivic, Inc.,
Jason Whitehead, Christopher Williams,
Joshua Ray, Jenny Ratcliff, Ledia Avila, and Angela Steadman

162 Murray Guard Dr., Ste. B
Jackson, Tennessee 38305
(731) 668-5995- Telephone
(731) 668-7163- Fax
Email:  ntilly@pgmfirm.com


MCANGUS GOUDELOCK & COURIE, LLC


/s/ Brian F. Walthart
BRIAN F. WALTHART, 024777
JAY ATKINS
Post Office Box 2949
120 Brentwood Commons Way, Suite 625
Brentwood, Tennessee 37024
Phone: (615) 499-7292
Facsimile: (615) 523-1496
Email: brian.walthart@mgclaw.com
Email: matthew.huffer@mgclaw.com

ATTORNEYS FOR ASHLEY ACKERMAN