# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

JOHN SMITH and SOYNIA SMITH,
as survivors and next of kin of
ADDISON SMITH, deceased,

      Plaintiffs,

vs.

CORECIVIC, INC. et al.,

      Defendants.

CASE NO.: 3:20-CV-00563

Jury Demand

Judge Aleta A. Trauger

## ANSWER OF DEFENDANT, ASHLEY ACKERMAN, TO PLAINTIFFS' SECOND AMENDED COMPLAINT

NOW COMES the Defendant, Ashley Ackerman (hereinafter referred to as "Defendant"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and hereby responds to the allegations of the Second Amended Complaint as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed.

## SECOND DEFENSE

In response to the individually number paragraphs in the Second Amended Complaint, this Defendant states as follows:

1. This Defendant admits that Addison Smith was an inmate at the South Central Correctional Center ("SCCC") in Clifton, Tennessee, on or about August 23, 2020. Defendant further admits, upon information and belief, that Addison Smith died on or about August 23,

Page **1** of **15**

2020. This Defendant further admits, upon information and belief, that CoreCivic, Inc. operated SCCC in Clifton, Tennessee, on or about August 23, 2020. This Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of Plaintiffs' Second Amended Complaint and therefore denies them.

2. This Defendant denies Plaintiffs' assertion that she refused to provide Addison Smith with food or that she ignored any stated intent to kill himself. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 2 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

3. While denying all liability, this Defendant admits the Plaintiffs assert federal claims under 42 U.S.C. § 1983 and that this Court has jurisdiction over such claims. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of Plaintiffs' Second Amended Complaint and, therefore denies them.

4. This Defendant admits that venue is proper in this Court. This Defendant denies the remaining allegations contained in paragraph 4 of Plaintiffs' Second Amended Complaint.

5. This Defendant admits that Addison Smith was at inmate at SCCC in Clifton, Tennessee. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in paragraph 5 of the Plaintiffs' Second Amended Complaint and, therefore, denies them.

6. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Second Amended Complaint

and, therefore, denies them.

7. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

8. Admitted, upon information and belief.

9. This Defendant admits that she was a correctional officer at SCCC and a sergeant in Addison Smith's unit on or about August 23, 2020. The remaining allegations contained in paragraph 9 of Plaintiffs' Second Amended Complaint are denied.

10. Admitted, upon information and belief.

11. Admitted, upon information and belief.

12. Admitted, upon information and belief.

13. Admitted, upon information and belief.

14. Admitted, upon information and belief.

15. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

16. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

17. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

18. This Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 18 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

21. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

22. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

24. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

25. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

26. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

27. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

28. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

29. This Defendant admits that at the time of his death, Addison Smith was not in a medical observation unit. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

30. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

31. This Defendant admits that she had no information that Addison Smith had a history of suicide attempts, that he was a high risk for suicide, or that he had returned from a hospital examination for sexual assault. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

32. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiffs' Second Amended

Complaint and, therefore, denies them.

33. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

34. This Defendant admits that she was a correctional officer on duty on the day that Addison died. Defendant denies Plaintiff's allegation that she did not intervene in any way. Further, the video and report referred to by Plaintiffs speak for themselves, and any allegation to the contrary is denied. This Defendant admits that after Addison hung a towel over the window of his cell, this Defendant could not perform safety checks on him, and that Addison hung himself. This Defendant denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

35. This Defendant admits that she was terminated from her employment with Core Civic. Defendant further admits that she did not believe that Addison would kill himself, and so stated. The referenced prison logs and reports speak for themselves, and any allegation to the contrary is denied. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

36. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

37. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

38. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

39. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

40. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

41. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

42. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

43. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

44. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

45. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiffs' Second Amended

Complaint and, therefore, denies them.

46. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

47. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

48. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

49. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

50. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

51. This Defendant relies upon and restates her responses to all prior paragraphs as stated herein.

52. This Defendant denies the allegations in paragraph 52 of Plaintiffs' Second Amended Complaint, including subparagrpahs (a) through (b).

53. This Defendant relies upon and restates her responses to all prior paragraphs as stated herein.

54. This Defendant states that the Tennessee Wrongful Death Statute in T.C.A. § 20-

5-106 speaks for itself, and, to the extent paragraph 54 of Plaintiffs' Second Amended Complaint actually states any sort of factual underpinning against this Defendant, said allegations are hereby denied.

55.     This Defendant relies upon and restates her responses to all prior paragraphs as stated herein.

56.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

57.     This Defendant relies upon and restates her responses to all prior paragraphs as stated herein.

58.     This Defendant denies that she was grossly negligent.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

59.     This Defendant relies upon and restates her responses to all prior paragraphs as stated herein.

60.     This Defendant denies that she was negligent and that her alleged negligence led to, or legally or proximately the death of Addison Smith.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of Plaintiffs' Second Amended Complaint and, therefore, denies them.

61.     Paragraph 61 in Plaintiffs' Second Amended Complaint simply sets forth the Plaintiffs' request for relief.  This Defendant respectfully requests that the request for relief set forth by Plaintiffs be denied, and that this matter be dismissed.

**THIRD DEFENSE**

This Defendant denies the material allegations of Plaintiffs' Second Amended Complaint and demands strict proof thereof. This Defendant denies any allegations not otherwise admitted, above.

**FOURTH DEFENSE**

This Defendant denies that Plaintiffs' are entitled to recover in the manner and form of the prayer of the Plaintiffs' Second Amended Complaint or in any other manner or form to recover from This Defendant any amounts whatsoever.

**FIFTH DEFENSE**

Plaintiffs fail to establish all the necessary elements of each of their claims for relief, and they, therefore, fail. More specifically, Plaintiffs have failed to show how this Defendant's conduct led to or made it reasonably foreseeable that the deceased would commit suicide. Further, Plaintiffs have failed to allege that the supposed deliberate indifference of this Defendant was tantamount to an intent to punish the decedent or that the decedent's threats to harm himself if he did not receive food were such that a reasonable person hearing the request would interpret it as a request for psychiatric assistance.

**SIXTH DEFENSE**

This Defendant states that Plaintiffs failed to plead sufficient facts to state a claim for which relief may be granted under 42 U.S.C. § 1983.

**SEVENTH DEFENSE**

This Defendant asserts all right, remedies, and immunities pursuant to 42 U.S.C § 1983.

**EIGHTH DEFENSE**

This Defendant pleads all applicable privileges and immunities under both state and

federal law, including, but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity.

## NINTH DEFENSE

Defendant asserts all affirmative defenses provided under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, where applicable.

## TENTH DEFENSE

Any damages (the existence of which is specifically denied) that Plaintiffs sustained as a result of the actions or conduct of others may not be attributed to this Defendant.

## ELEVENTH DEFENSE

No action or inaction of this Defendant deprived Plaintiffs of any interest protected by the Federal Constitution, the Constitution of State of Tennessee, or any other applicable federal or state statute or law. Specifically, Plaintiffs fail to assert any particularized established rights sufficient to deny this Defendant of her qualified immunity protection.

## TWELFTH DEFENSE

In the alternative, if the Court finds the Defendant violated any right of Plaintiffs, the right was not clearly established under the circumstances of issue in this case.

## THIRTEENTH DEFENSE

The Defendant is entitled to any and all rights, immunities, defenses, and monetary damages, or limitations available to her pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. §§ 29-20-201, *et seq.*

## FOURTEENTH DEFENSE

Defendant is entitled to any and all rights, immunities, defenses, and monetary damages, or limitations available to her pursuant to the Tennessee Civil Justice Act of 2011, T.C.A. §§ 29-

39-101, *et. seq.*

## FIFTEENTH DEFENSE

Defendant is entitled to all rights, immunities, defenses, and monetary damages, or limitations available to her pursuant to T.C.A. §§ 29-26-101, *et. seq.*

## SIXTEENTH DEFENSE

To the extent Plaintiffs seek punitive damages, any award of punitive damages in excess of the perimeter established by *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and their progeny serves no legitimate purpose and constitutes an arbitrary deprivation of property and violation of the due process clause of the 5th and 14th Amendments of the U.S. Constitution and the Constitution of the State of Tennessee. It also violates the 8th Amendment of the U.S. Constitution.

## SEVENTEENTH DEFENSE

Plaintiffs' damages, if any, are the proximate result of the conduct of Addison Smith, and or, one or more of the other named Defendants, and not a result of any acts, omissions, or breaches of this Defendant. As such, this Defendant pleads the doctrine of modified comparative fault. Further, Addison Smith's suicide was an intervening and unforeseeable cause of Plaintiffs' damages, for which Plaintiffs may not recover from this Defendant. Said suicide was a volitional act unrelated to this answering Defendant's care or lack of the Decedent.

## EIGHTEENTH DEFENSE

The Defendant demands a bifurcated trial on the issue of punitive damages, to the extent Plaintiffs are seeking the same.

## NINETEENTH DEFENSE

Defendant reserves the right to amend its Answer and Affirmative Defenses after investigation, discovery, and further information is disclosed to Defendant to enable her to properly answer Plaintiffs' Second Amended Complaint and defend the claims asserted herein and against her.

**WHEREFORE**, having fully answered Plaintiffs' Second Amended Complaint, this Defendant prays that this Court dismiss Plaintiffs' causes of action against her with prejudice, and award her fees and costs. Failing dismissal, this Defendant demands a jury of twelve be empaneled to hear all matters of fact properly joined by the pleadings, and for any and all other general relief to which she is entitled.

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC


**/s/ Brian F. Walthart**
BRIAN F. WALTHART, 024777
MATTHEW Z. HUFFER, 035746
JAY ATKINS MS 100513; TN 21371
Post Office Box 2949
120 Brentwood Commons Way, Suite 625
Brentwood, Tennessee 37024
Phone: (615) 499-7292
Facsimile: (615) 523-1496
Email: brian.walthart@mgclaw.com
Email: matthew.huffer@mgclaw.com

ATTORNEYS FOR ASHLEY ACKERMAN

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

**PENTECOST GLENN & MAULDIN**

James I. Pentecost
Nathan D. Tilly
Haynes T. Russell
Dylan E. Sutherland
162 Murray Guard Drive
Suite B
Jackson, Tennessee  38305
*Attorneys for Defendants CoreCivic, Inc., Jason Whitehead, Christopher Williams, Joshua Ray, Jenny Ratcliff, Ledia Avila, and Angela Steadman*

**JANET GOODE ATTORNEY AT LAW**

Janet H. Goode
917 S. Cooper Street
Memphis, Tennessee  38104
*Attorney for Plaintiffs*

**TY CLEVENGER ATTORNEY AT LAW**

Ty Clevenger
P O Box 20753
Brooklyn, NY  11202-0753
*Attorney for Plaintiffs*

This the 9th day of February, 2023.

**/s/ Brian F. Walthart**
BRIAN F. WALTHART