IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN SMITH, and SOYNIA SMITH, as survivors and next of kin of ADDISON SMITH, deceased.<br><br>    Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No.: 3:20-cv-00563<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CORECIVIC DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

Defendants CoreCivic, Inc., Jason Whitehead, Christopher Williams, Joshua Ray, Jenny Ratcliff, Ledia Avila, Angela Melson[1], J. Scott Long, Mark Sigler, Elena Bloodgood-Grandy, and Kevin Turner respond to the Plaintiffs' Second Amended Complaint (ECF No. 140) as follows:

### GENERAL OBJECTIONS

Defendants object to the Second Amended Complaint to the extent that it fails to comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE. The lengthy narratives set forth in each paragraph of the Amended Complaint do not constitute "short, plain" statements as required by Rule 8. Additionally, Defendants object to the numerous allegations appearing in the Second Amended Complaint that amount to nothing more than immaterial, impertinent, baseless, scandalous, and defamatory accusations against Defendants. For example, Plaintiffs' unsupported

---

[1] Angela Melson was previously known as Angela Steadman. Plaintiffs incorrectly identify her as "Andrea Steadman" in the Second Amended Complaint.

allegations concerning CoreCivic facilities in Idaho, Oklahoma, Kansas, Mississippi, Georgia, Indiana, and Tennessee, have no relevance to their claims related to Addison Smith's incarceration at South Central Correctional Facility ("SCCF"). In light of the Court's Order dismissing all § 1983 claims against CoreCivic, such allegations should be stricken pursuant to Rule 12(f) of the FEDERAL RULES OF CIVIL PROCEDURE.

## ADMISSIONS AND DENIALS

Without waiving the aforementioned objections, Defendants respond to the separately numbered paragraphs of the Second Amended Complaint (ECF No. 140) as follows:

1. Defendants admit that Addison Smith, an inmate at SCCF, committed suicide on or about August 23, 2019. Defendants admit that CoreCivic operates SCCF. Defendants deny the remaining allegations in this paragraph.

2. Based upon information and belief, Defendants admit that Plaintiffs served a subpoena duces tecum on the Tennessee Department of Correction ("TDOC") after filing their Original Complaint and that the TDOC produced records to Plaintiffs pursuant to said subpoena. Defendants object to Plaintiffs' "incorporation" of TDOC documents as improper pursuant to Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE. Defendants deny the remaining allegations appearing in this paragraph.

### Jurisdiction and Venue

3. Defendants admit that this Court possesses jurisdiction over Plaintiffs' federal claims. Defendants deny that this Court should exercise jurisdiction over Plaintiffs' state law claims. Defendants further deny that Plaintiffs are entitled to any relief under any theory of law.

4. Defendants admit that venue is proper in this Court. Defendants deny that Plaintiffs are entitled to any relief under any theory of law.

## Parties

5. Without sufficient information or belief to admit or deny John Smith's relationship to Addison Smith and demand strict proof thereof. Defendants deny that Plaintiffs are entitled to any relief under any theory of law.

6. Without sufficient information or belief to admit or deny Soynia Smith's relationship to Addison Smith and demand strict proof thereof. Defendants deny that Plaintiffs are entitled to any relief under any theory of law.

7. Admit that CoreCivic, Inc. is a private prison company. Deny the remaining allegations appearing in this paragraph.

8. Denied as stated.

9. Denied as stated.

10. Denied as stated.

11. Denied as stated.

12. Denied as stated.

13. Denied as stated.

14. Denied as stated.

15. Denied as stated.

16. Denied as stated.

17. Denied as stated.

18. Denied as stated.

19. Denied as stated.

## Facts

20. Admit that CoreCivic operates both Trousdale Turner Correctional Center ("TTCC") and SCCF. Admit that in July 2019, Addison Smith transferred to SCCF. Admit that Addison Smith received medical care during his incarceration at both SCCF and TTCC. Deny that the allegations appearing in this paragraph fully and/or accurately reflect notations in Addison Smith's medical records. Deny the remaining allegations appearing in this paragraph.

21. Admit that Addison Smith received medical care on May 26, 2019, May 27, 2019, June 10, 2010, and July 23, 2019 at TTCC and SCCF. Deny that the allegations appearing in this paragraph fully and/or accurately reflect notations in Addison Smith's medical records. Defendants deny the remaining allegations appearing in this paragraph.

22. Denied.

23. Admit that Addison Smith received medical care on July 23, 2019, July 25, 2019, and August 19, 2019, at SCCF. Deny that the allegations appearing in this paragraph fully and/or accurately reflect notations in Addison Smith's medical records. Defendants deny the remaining allegations appearing in this paragraph.

24. Denied.

25. Admit that Addison Smith claimed that Defendant Rose sexually assaulted him on or about August 21, 2019. Admit that upon hearing Addison Smith's claims, SCCF staff immediately provided Addison Smith access to medical care and medical evaluations pursuant to applicable PREA policies and procedures. Deny that the alleged assault was substantiated and deny the remaining allegations appearing in this paragraph.

26. Admit that Dr. Sigler saw Addison Smith on or about August 22, 2019. Deny that the allegations appearing in this paragraph fully and/or accurately reflect notations in Addison Smith's medical records. Deny the remaining allegations appearing in this paragraph.

27. Admit that Dr. Sigler saw Addison Smith on or about August 22, 2019. Deny that the allegations appearing in this paragraph fully and/or accurately reflect notations in Addison Smith's medical records. Deny the remaining allegations appearing in this paragraph.

28. Denied.

29. Admit that Addison Smith was housed in disciplinary segregation at the time of his death. Deny the remaining allegations appearing in this paragraph.

30. Denied.

31. Admit that Addison Smith displayed no signs of being suicidal during the days leading up to his suicide and that correctional officers were not aware of any alleged prior suicide attempts. Deny that Addison Smith showed signs of being at a high risk of suicide. Deny the remaining allegations appearing in this paragraph.

32. Admit that TDOC Policy 113.88 applies to SCCF. Deny the remaining allegations appearing in this paragraph.

33. Admit that TDOC Policy 113.31 and TDOC Policy 404.10 apply to SCCF. Deny the remaining allegations appearing in this paragraph.

34. Admit that Defendants Whitehead, Ackerman, Williams, King, Ray, Ratliff, and Avila were on duty at SCCF the day that Addison Smith died. Deny the remaining allegations appearing in this paragraph as they relate to these Defendants.

35. Admit that CoreCivic terminated Defendant Ackerman. Deny the remaining allegations appearing in this paragraph.

36. Denied.

37. Denied.

38. Denied.

39. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

40. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

41. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic and all claims against Mr. Hininger. (ECF Nos. 67 & 68.).

42. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

43. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

44. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

45. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

46. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

47. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

48. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

49. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

50. Denied. Further, Defendants rely upon this Court's order dismissing all 42 U.S.C. § 1983 claims brought against CoreCivic. (ECF Nos. 67 & 68.)

## Claims

### Count 1: Civil Rights Violations

51. All prior responses are incorporated herein by reference.

52. Denied.

### Count 2: Wrongful Death

53. All prior responses are incorporated herein by reference.

54. Denied.

### Count 3: Medical malpractice

55. All prior responses are incorporated herein by reference.

56. Denied.

### Count 4: Gross Negligence

57. All prior responses are incorporated herein by reference.

58. Denied.

### Count 5: Negligence

59. All prior responses are incorporated herein by reference.

60. Denied.

### Request for Relief

61. Deny that Plaintiffs are entitled to any relief under any theory of law and deny all allegations appearing in the Plaintiffs' Request for Relief.

### GENERAL DENIAL

All allegations of the Amended Complaint not admitted, denied, or explained are now expressly denied, and Defendants demand strict proof thereof. Defendants deny that Plaintiffs are entitled to any relief. Plaintiffs have failed to set forth a claim and therefore the Amended Complaint should be dismissed. Defendants assert they are entitled to their reasonable and necessary attorneys' fees and expenses pursuant to 42 U.S.C. § 1988.

### AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted. Therefore, the Amended Complaint should be dismissed.

2. Plaintiffs have asserted claims that are barred by the statute of limitations. To the extent that Plaintiffs seek to hold Defendants liable for actions that occurred beyond one year prior to Plaintiffs asserting said claims, said claims are barred and must be dismissed. For example, to the extent Plaintiffs assert claims that arose during Addison Smith's incarceration at TTCC, such claims are barred by the statute of limitations.

3. To the extent Plaintiffs assert claims concerning Defendants' alleged failure to "protect" Addison Smith from rape, such claims must be dismissed because Plaintiffs lack standing. Any claim concerning an alleged failure to protect Addison Smith from rape would not belong to Plaintiffs as next of kin and they, therefore, possess no standing to assert such claims. Accordingly, they should be dismissed.

4. To the extent Plaintiffs assert claims which Addison Smith could have, but failed to assert via SCCF's grievance process, said claims are barred because Addison Smith failed to exhaust his administrative remedies. Thus, such claims should be dismissed.

5. At all times relevant, Defendants acted in good faith, without breaching any operational duty and therefore Plaintiffs may not recover from Defendants.

6. Defendants deny that they breached any duty that they may have owed to Addison Smith in a correctional setting.

7. Plaintiffs' claims fail to rise to the level of a constitutional violation and therefore, Plaintiffs fail to state a claim upon which relief can be granted.

8. At all times relevant, Defendants acted in good faith, without any subjective denial of Addison Smith's Constitutional rights and in accordance with the enacted appropriate policies and procedures designed to protect Addison Smith. Moreover, at all times relevant, Defendants acted in an objectively reasonable manner, given the information and circumstances then and there known to Defendants.

9. Defendants affirmatively assert that the alleged conduct of inmate, Marcayus Rose, if proven, was the legal cause and cause in fact of any injury or damages allegedly suffered due to the alleged rape of Addison Smith. Defendants cannot be held liable for any injuries suffered by Addison Smith directly and proximately resulting from the conscious, independent, intervening and superseding acts, omissions, or other fault of inmate Marcayus Rose for whom Defendants have no responsibility, vicariously or otherwise.

10. Defendants rely upon the doctrine of modified comparative fault under the laws of the State of Tennessee as it may apply to the allegations in the Amended Complaint, and as fault may be apportioned to parties other than these Defendants, including Plaintiffs, Addison Smith,

Marcayus Rose, and other named defendants. In addition, to the extent that discovery reveals the fault of a non-party to this cause, Defendants specifically reserve the right to amend their Answer to name that non-party and to seek to apportion fault to that non-party consistent with the doctrine of modified comparative fault.

    11. Defendants assert that Addison Smith's own decision to commit suicide was not reasonably foreseeable and destroyed the causal connection, if any, between any alleged breach of duty and/or negligence of Defendants and the occurrence in question and thereby became the immediate cause of such occurrence and the injuries sustained by Plaintiffs and Addison Smith.

    12. Defendants deny that they were guilty of any negligent act, either of omission or commission that was a direct or proximate cause of any injuries or damages allegedly experienced by Addison Smith.

    13. Any injuries, damages or losses that may have been sustained were the proximate result of an independent intervening act and/or superseding cause for which Defendants cannot be held liable.

    14. Defendants deny that they intentionally deprived Plaintiffs or Addison Smith of any constitutional rights.

    15. Defendants affirmatively state that South Central Correctional Facility was and is accredited and operated pursuant to appropriate policies and procedures concerning the custody and control of inmates, and therefore, the Plaintiffs may not recover from Defendants.

    16. To the extent that Plaintiffs have made a claim for punitive damages, Defendants move, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, for a bifurcated trial on the issues of liability and the amount of punitive damages, if any, to which the Plaintiffs may be entitled.

17. Defendants affirmatively assert that Plaintiffs did not comply with the requirements of the Tennessee Healthcare Liability Act. For example, Plaintiffs did not comply with the THCLA's pre-suit notice and certificate of good faith requirements found at Tenn. Code Ann. § 29-26-121 & 122. Thus, Plaintiffs' claims under the Tennessee Health Care Liability Act must be dismissed in their entirety.

18. Defendants affirmatively reserve the right to amend, at any time throughout this case, any of the foregoing affirmative defenses and/or responses, and/or to assert additional affirmative defenses that may became warranted due to discovery or factual developments.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By: s/Nathan D. Tilly
James I. Pentecost (#11640)
Nathan D. Tilly (#31318)
Haynes T. Russell (#36923)
Dylan E. Sutherland (#40648)
Attorneys for Defendants
162 Murray Guard Dr., Ste. B
Jackson, Tennessee 38305
(731) 668-5995- Telephone
(731) 668-7163- Fax
Email: ntilly@pgmfirm.com

# **CERTIFICATE OF SERVICE**

This is to certify that this Response has been served electronically via the Court's ECF system or via U.S. Mail on the following:

Janet H. Goode
917 S. Cooper Street
Memphis, Tennessee 38104

Ty Clevenger
P.O. Box 20753
Brooklyn, New York 11202-0753

Brian F. Walthart
P.O. Box 198349
Nashville, TN 37219

Jay M. Atkins
119 North 9th Street
Oxford, Mississippi 38655

DATE: This the 13th day of February, 2023.

By: s/Nathan D. Tilly
Nathan D. Tilly